UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED FINANCIAL CASUALTY CO., | Civil Action No.: 4:08-cv-4014-TLW-TER |
| Plaintiffs, | |
| -vs- | REPORT AND RECOMMENDATION |
| CEPHUS LEWIS, JEROME DURANT, ERNIE COKLEY, and CYNTHIA RUCKER, as Personal Representative of the Estate of Dawnte Williams, | |
| Defendants. | |

## I. INTRODUCTION

This is a declaratory judgment action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Presently before the Court is Plaintiff United Financial Casualty Company's (United) Motion for Default Judgment (Document # 17). All pretrial management and motions have been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On February 29, 2008, Defendant Jerome Durant, while operating a 1993 Peterbuilt Tractor owned by Defendant Cephus Lewis, was involved in a motor vehicle accident (hereinafter "subject accident") with a vehicle driven by Cokely and in which Dawnte Williams was a passenger. As a result of the subject accident, Cokely suffered personal injuries, and Williams was killed. Complaint ¶ 9. At the time of the subject accident, the 1993 Peterbilt Tractor was insured under a commercial automobile liability policy issued by Plaintiff United Financial Casualty Company to Lewis (hereinafter "the Policy") having bodily injury liability limits of $25,000 per person/$50,000 per

accident. Id. at ¶ 12.

On May 6, 2008, Cokely filed a state court tort action in the Court of Common Pleas for Williamsburg County (hereinafter, "the underlying state action") against Lewis and Durant. Defendants contend that the Policy issued by United is illegal in that its bodily injury liability limits are less than those required under South Carolina law for a commercial vehicle. Id. at ¶ 14. Defendants further contend that the Policy should be reformed to include a $750,000 combined single liability limit. Id. at ¶ 15. United contends that the Policy complies with South Carolina law and is valid as written. Id. at ¶ 16.

United filed this action on December 12, 2008, and served Rucker[1], Lewis and Durant on December 18, 2008, and Cokely on January 5, 2009. See Returns of Service (Documents # 6, 7, 8, 12). Rucker and Cokely timely filed their Answers (Documents # 9, 19). When Lewis and Durant failed to file an Answer, Plaintiff filed a Request for an Entry of Default (Document # 14). The Clerk's Entry of Default (Document # 15) was filed on January 13, 2009. United filed the present Motion for Default Judgment the same day.

## III. DISCUSSION

Rule 55(b)(2), Fed.R.Civ.P., allows the Court to enter judgment against a defendant who has failed to answer or otherwise plead. In this action, Plaintiff seeks a declaration that the Policy is exempt from the liability limits required for commercial vehicles; the Policy is in compliance with South Carolina law and is valid as written; Plaintiff owes no duty to indemnify Lewis or Durant for damages resulting from the subject accident, beyond its provision of the Policy's bodily injury liability limit of $50,000; and Cokely is not entitled to recover any additional amounts beyond the

---

[1] Rucker has since been dismissed from this action.

$50,000 provided by the Policy. Id. at ¶ 18.

In this case, United is seeking the same "relief" against Cokely as it is against Lewis and Durant. Thus, entering judgment against Lewis and Durant in the form of a declaratory judgment that coverage under the Policy is limited to $50,000 necessarily affects the rights of Cokely even though he has timely answered and is not in default. Rule 54(b), Fed.R.Civ.P., provides, inter alia,

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In the seminal case Frow v. De La Vega, 82 U.S. 552, 554 (1872), the Supreme Court held that entering judgment on the merits against a defaulting defendant alone, pending the continuance of the case against the remaining defendants would be "incongruous" and "absurd." Likewise, allowing a judgment against Lewis and Durant regarding the amount of coverage under the Policy before allowing Cokely to fully litigate the same issue would be incongruous.

Accordingly, entering default judgment against Lewis and Durant at this stage in the litigation would be premature. Should United be successful on this coverage issue after it has been fully litigated, default judgment could then be issued against Lewis and Durant. However, if Cokely is ultimately successful, default judgment would not be appropriate. See 10 James Wm. Moore et al., Moore's Federal Practice § 55.25 (3d ed. 2006) ("When multiple defendants are similarly situated, even if the liability asserted against them is not joint, default judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."); Neilson v. Chang (In re First

T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir.2001) (extending Frow to certain circumstances where defendants have closely related defenses or are otherwise similarly situated, even if not jointly and severally liable, so as to avoid inconsistent judgments against multiple defendants); Lewis v. Lynn, 236 F.3d 766, 768 (5th Cir.2001) (allowing non-answering defendants to benefit from the favorable ruling on the appearing party's summary judgment motion because it would be " 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants"); Jones v. Luthi, 586 F.Supp.2d 595, 617 (D.S.C. 2008) (granting summary judgment for answering defendants and denying default judgment for non-answering defendants). Therefore, pursuant to Rule 54(b), Fed.R.Civ.P., there is just reason to delay entry of judgment against Lewis and Durant until all issues and liabilities have been determined.

## IV. CONCLUSION

For the reasons set forth above, it is recommended that United's Motion for Default Judgment (Document # 17) be denied as premature.

        s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 13, 2009
Florence, South Carolina